## In re RIGGSBEE

(District Court, E. D. North Carolina. January 21, 1907.)

CONTEMPT—FEDERAL COURTS—ACTS PUNISHABLE AS CONTEMPTS.

As restricted by Rev. St. § 725 [U. S. Comp. St. 1901, p. 583], a federal court is without power to punish for contempt a person not an officer of the court nor a suitor therein on a rule which charges him only with using or attempting to use its process to obstruct the administration of justice in a state court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Contempt, §§ 23–26, 95–103.]

On Rule for Contempt.

Harry Skinner, for the United States.

Pou & Fuller, for defendant.

PURNELL, District Judge. The court is asked to attach respondent for contempt on the ground that he has committed a contempt of this court in unlawfully using and abusing the process of this court to obstruct the administration of justice in the superior court of Durham county, N. C., and on motion of the United States attorney a rule to show cause was issued; the cause having been heard on the pleadings at the regular December term, and the further hearing continued to the adjourned term in January. To this rule respondent has answered, first by plea:

"(1) That, even if he had attempted an act the effect of which would be to obstruct the administration of justice in the superior court of Durham county, North Carolina, the said act would not be a contempt of this court, and that

this court would not have jurisdiction under the laws enacted by the Congress of the United States to punish for such alleged offense."

Second by demurrer:

"(2) Respondent demurs to the sufficiency of the rule, and alleges that upon its face the said rule does not set out facts or circumstances which would constitute a contempt of this court, and that, there being no allegation that the alleged offense was committed within the presence, verge, or view of the court, and there being no allegation that respondent was an officer of this court, or that he had refused to obey any injunction, writ, or process of this court, there are no facts or circumstances for which this honorable court may punish respondent as for a contempt."

Third by answer:

"(3) With the reservation aforesaid of all rights, and without waiving any rights or consenting to jurisdiction, respondent alleges that it is not true that he has abused or used the process of this court to obstruct the administration of justice in the superior court of Durham county, North Carolina."

This pleading is duly verified and certified in due form by three firms and one individual attorney, all reputable members of the profession. Suppose the allegations made are true, which respondent denies under oath, and considering the matter purely as a question of law, do the allegations in the application or the rule, taking them to be true, constitute a contempt of this court? "Butting in" to cases, is simply intermeddling with other people's business, exceedingly bad manners, but does not constitute a contempt of court.

Contempts of court, as are all other offenses cognizable by this court, are statutory, and, being penal, the rule is the statutes are to be strictly construed. Section 725, Rev. St. [U. S. Comp. St. 1901, p. 583], is erroneously supposed by some to be the only statute on the subject; but in this section, or the proviso therein, Congress sought to limit the manner in which the power of the courts, which, as said by the Supreme Court, is inherent in all courts, may punish for contempt, as follows:

"Provided that such power to punish for contempt shall not be construed to extend to any cases except the misbehavior of any person in their presence or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions or the disobedience or resistance of any such officer or by any party, juror, witness or other person to any lawful writ, process, order, rule, decree or command of said court."

Riggsbee was not an officer or a suitor in the court. His attorneys were officers, but the attorneys are not before the court. The rule as to attorneys and officers is even stronger than as to suitors or citizens who are not suitors. An attorney who collects money for his client and refuses to pay it over is liable to be attached for contempt. If he has counter acts or claims for his services, the courts will leave the matter to be settled in the usual way, but may disbar him for misconduct. Ex parte Robinson, 19 Wall. (U. S.) 506, 22 L. Ed. 205. Why? Because he is an officer of the court. Rule 7 of this district is based on the decisions of the higher courts, and supported by authorities it is not necessary to quote:

"Rule 7. If any attorney shall be guilty of any dishonest practice, or shall commit any willful contempt of the court, and shall not make due submission

and amends therefor to the satisfaction of the court, he shall be dismissed from the bar, or otherwise punished, as the court may deem just."

Courts of justice have an inherent power to punish all persons for contempt of their rules and orders, for disobedience of their process, and for disturbing them in their proceedings. Bouvier, and authorities cited, English and American.

It is said that it belongs exclusively to the court offended to judge of contempt and what amounts to a contempt (State v. Matthews, 37 N. H. 450), and no other court or judge can or ought to undertake in a collateral way to question or review an adjudication of contempt made by another competent jurisdiction. Authorities in Bouvier, 352. But it is now held that a court of superior jurisdiction may review on a matter of contempt on appeal, but not on habeas corpus. Jordan v. State, 14 Tex. 436. Such review is on appeal. A party guilty of a contempt is not entitled to a jury trial, and his sentence is not reviewable by habeas corpus. Interstate Com. Com. v. Brimson, 154 U. S. 447, 489, 14 Sup. Ct. 1125, 38 L. Ed. 1047; U. S. v. Pridgeon, 153 U. S. 48, 14 Sup. Ct. 746, 38 L. Ed. 631; In re Debs, 158 U. S. 564, 600, 15 Sup. Ct. 900, 39 L. Ed. 1092.

Courts of the United States have power to punish by fine and imprisonment, at their discretion, misbehavior in their presence or so near thereto as to obstruct the administration of justice, although the offense is also punishable by indictment under section 3399, Rev. St. [U. S. Comp. St. 1901, p. 2223]. Under section 725 the court, when in session, is present in every part of the place set apart for its use and for the use of jurors, witnesses, and officers, and misbehavior in any part of such place is misbehavior in its presence. In re Savin, 131 U. S. 267, 9 Sup. Ct. 699, 33 L. Ed. 150. The court has power to punish summarily offenses mentioned in section 725. The respondent, who was charged with attempting or endeavoring by improper means to compel a witness in the District Court from testifying, was punishable only by indictment. The honored justice who delivered the opinion of the court says:

"Although the word 'summary' was for some reason not repeated in the revisal, which invests the courts of the United States with power to punish by fine and imprisonment at the discretion of the court contempts of their authority in certain cases defined in section 725, we do not doubt the power to proceed summarily for contempt in those cases. It was in effect so adjudged in Ex parte Terry, 128 U. S. 289, 9 Sup. Ct. 77, 32 L. Ed. 405. And, further, where the contempt is committed under the eye or within the view of the court, it may proceed upon its own knowledge of the facts and punish the offender without further proof, and without issue or trial in any form. Ex parte Terry, 128 U. S. 289, 309, 9 Sup. Ct. 77, 32 L. Ed. 405. Whereas, in cases of misbehavior, of which the judge cannot have such personal knowledge and is informed thereof only by the confession of the party or by the testimony under oath of others, the proper practice is by rule or other process to require the offender to appear and show cause why he should not be punished. 4 Bl. Com. 286. But this difference in procedure does not affect the question as to whether particular acts do not, within the meaning of the statute, constitute misbehavior in the presence of the court."

When an attempt is made by affidavit on which a motion is founded to confer jurisdiction to which the court is not entitled, it is a gross contempt of court, for which all concerned are liable to penal punish-

ment (Justice Campbell, in Eberly v. Moore, 24 How. [U. S.] 147, 16 L. Ed. 612), because the attorney making the motion was an officer of the court, and the affidavit not true, but calculated and intended to mislead the court.

Punishments for contempt of court have two aspects, namely: (1) To vindicate the dignity of the court from disrespect shown to it or its orders. (2) To compel the performance of some order or decree. In re Chiles, 22 Wall. (U. S.) 157, 22 L. Ed. 819. In quoting with approval this decision, the Supreme Court, speaking by Mr. Justice Harlan, in Ex parte Terry, 128 U. S. 310, 9 Sup. Ct. 81 (32 L. Ed. 405), says:

"It was competent for the Circuit Court, immediately upon the commission in its presence of the contempt, * * * to proceed upon its own knowledge of the facts and punish the offender, without further proof and without issue or trial in any form. It was not bound to hear any explanation of his motives, if it was satisfied—and we must conclusively presume, from the record before us, that it was satisfied—from what occurred under its own eye and within its hearing, that the ends of justice demanded immediate action, and that no explanation could mitigate his offense or disprove the fact that he had committed such contempt of its authority and dignity as deserved instant punishment. Whether the facts justified such punishment was for that court to determine under its solemn responsibility to do justice and to maintain its own dignity and authority."

I have been unable to find any decision or rule upon which to hold respondent has been guilty of a contempt of this court, and after a careful investigation of the law and authorities bearing upon the questions of law presented by respondent's plea and demurrer to the rule, the court entertaining the views expressed in the foregoing opinion, it is deemed unnecessary to make further investigation as to the facts; hence the rule is discharged, as is respondent from further appearance in answer to the rule.